**CV-09 3619**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————————————————
Rohan Morgan (infant) by his mother and natural Guardian, TRUDY ANN MORGAN, AND TRUDY ANN MORGAN,

               Plaintiff,

-against-

THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, JOEL I. KLEIN (NEW YORK CITY SCHOOLS CHANCELLOR), NEW YORK CITY BOARD OF EDUCATION, HILLCREST HIGH SCHOOL, STEPHEN DUCH (HILLCREST HIGH SCHOOL PRINCIPAL), ELLIOT FINKELSTEIN (HILLCREST HIGH SCHOOL VICE-PRINCIPAL), SCHOOL SAFETY AGENTS "JOHN DOE" and "JANE DOE" Numbers 1 through 10 said names being fictitious and representing the school safety officers involved in an incident on May 20, 2008, and/or July 24, 2008 and/or December 2, 2008, in their official and individual capacities.

               Defendants.
———————————————————————

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ AUG 20 2009 ★

LONG ISLAND OFFICE

**COMPLAINT**

**VITALIANO, J.**

**GO, M.**



ROHAN MORGAN (infant) by his mother and natural Guardian, TRUDY ANN MORGAN and TRUDY ANN MORGAN, by and through their attorneys IRWIN & STREINER, LLC., and for their complaint against Defendants, alleges and shows to the Court as follows:

## PRELIMINARY STATEMENT

1. This is a Civil Action seeking monetary relief, (including past and ongoing economic loss), compensatory and punitive damages, attorneys fees, costs and disbursements for violation of rights, brought pursuant 42 U.S.C. Section 1983; and other State causes of action.

2. Specifically, Plaintiff alleges that Defendants negligently, wantonly, recklessly, knowingly and purposefully, acting individually and in conspiracy with each other, sought to deprive Rohan Morgan of his civil rights, and did commit tortious acts upon Rohan Morgan through a pattern of abuse and a campaign of threats, violence and retaliation.

3. Said acts heretofore mentioned were done knowingly with the consent and condonation of defendants THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, JOEL I. KLEIN (NEW YORK CITY SCHOOLS CHANCELLOR), NEW YORK CITY BOARD OF EDUCATION, HILLCREST HIGH SCHOOL, STEPHEN DUCH (HILLCREST HIGH SCHOOL PRINCIPAL), and ELLIOT FINKELSTEIN HILLCREST HIGH SCHOOL VICE-PRINCIPAL), SCHOOL SAFETY AGENTS "JOHN DOE" and "JANE DOE" Numbers 1 through 10, said names being fictitious and representing the school safety officers involved in incidents on May 20, 2008, and/or July 24, 2008 and/or December 2, 2008, with the express purpose of punishing, silencing, isolating, removing and retaliating against ROHAN MORGAN, and generally violating the rights of ROHAN MORGAN, as protected by Federal and State statutes, rules and regulations. Said activities were known to the Defendants and were accepted and supported as policy, custom and practice.

## JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court by 28 U.S.C. §1331, 28 U.S.C. Sections 1343(3) and (4). Pendant and/or supplemental jurisdiction over Plaintiff's State law claims is proper pursuant to 28 U.S.C. §1367.

5. Venue herein is proper pursuant to 28 U.S.C. §1391(b), based on the residence of Plaintiff and the place where the actions complained have herein occurred.

## PARTIES

6. Plaintiffs are citizens of the United States. Both reside in the County of Queens, City and State of New York.

7. The City of New York was and is a Federal and State funded organization, organized and existing under the laws of the State of New York. The City of New York maintains offices at The Comptroller's Office 1 Centre Street, Room 1225, New York, New York 10007.

8. The Defendant New York City Police Department is a division of the City of New York City government and was and is a Federal and State funded organization, organized and existing under the laws of the State of New York. The New York City Police Department employs, trains, deploys and terminates School Safety Agents.

9. Upon information and belief, and at all times herein mentioned, Defendant JOEL I. KLEIN ("Klein") was the Chancellor of the New York City Schools. Defendant Klein was and is in a supervisory position during the acts sued herein and he was a decision-making employee with control over the deployment and supervision of School Safety Agents throughout the New York City Schools. Additionally, Klein was and is in a supervisory position during the acts sued herein and he was a decision-making employee with control over the employment and supervision of the Principal, Vice-Principal and Deans at Hillcrest High School. His place of business is 110 Livingston Street, Brooklyn, NY 11201.

10. Upon information and belief, Defendant BOARD OF EDUCATION OF THE CITY OF NEW YORK ("Board") was and is a federally funded organization, organized and existing under the laws of the State of New York, and further organized to oversee, control, and facilitate education including overseeing school safety issues in New York City. The Board of Education has offices at 9001 Sutphin Blvd., Jamaica, New York 10075.

11. Upon information and belief, Defendant HILLCREST HIGH SCHOOL was and is a federally and state funded organization, organized and existing under the laws of the State of New York, and further organized to oversee, control, and facilitate education in New York City. Hillcrest High School maintains offices at 160-05 Highland Ave, Queens, New York 11432.

12. Upon information and belief, and at all times herein mentioned, Defendant STEPHEN DUCH ("DUCH") was the principal of Hillcrest High School whereat ROHAN MORGAN was a student. Defendant DUCH was and is in a supervisory position during the acts sued herein and he was a decision-making employee with control over the employment and supervision of the Vice-Principal and Deans at Hillcrest High School. His place of business is 160-05 Highland Ave, Queens, New York 11432.

13. Upon information and belief, and at all times herein mentioned, Defendant ELLIOT FINKELSTEIN ("Finkelstein") was the Vice-Principal of Hillcrest High School whereat ROHAN MORGAN was a student. Defendant Finkelstein was and is in a supervisory position during the acts sued herein and he was a decision-making employee with control over the discipline at Hillcrest High School and supervision of the Deans at

Hillcrest High School and coordination with the School Safety Agents present at Hillcrest High School. His place of business is 160-05 Highland Ave, Queens, New York 11432.

14. SCHOOL SAFETY AGENTS "JOHN DOE" and "JANE DOE" Numbers 1 through 10, said names being fictitious and representing the school safety officers involved in incidents on May 20, 2008, and/or July 24, 2008 and/or December 2, 2008 ("SSA's"), are employees of the New York City Police Department. SCHOOL SAFETY AGENTS "JOHN DOE" and "JANE DOE" Numbers 1 through 10 were present at Hillcrest High School on the dates in question in their capacity as School Safety Agents of Hillcrest High School.

15. Each defendant acted in collusion with, and as agents of, each other, during the abuse of ROHAN MORGAN on May 20, 2008, July 24, 2008 and December 2, 2008, and is liable for individually and in their official capacity for actions taken at during those events.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

16. Rohan Morgan was a student at Hillcrest High School and was present at Hillcrest High School on May 20, 2008, July 24, 2008 and December 2, 2008.

17. On May 20, 2008, Rohan Morgan was present at Hillcrest High School where there was an alleged violation of the cell phone policy of Hillcrest High School by Rohan Morgan who had never before been informed that such a policy existed.

18. That a Dean of Hillcrest High School allegedly observed Rohan Morgan using his cell phone and immediately and improperly called for the assistance of School Safety Agents to escort Rohan Morgan to the Deans office, thereby impermissibly

delegating discipline to the School Safety Agents, employees of the New York Police Department.

19. That upon entering the Dean's office, Rohan Morgan was taken to a room by these and other officers and severely beaten about the head, shoulders, arms and legs.

20. That several Deans, other employees and students of Hillcrest High School were aware of and witnessed the beating.

21. That other School Safety Agents were present and failed to intervene in these events.

22. That on July 24, 2008, Rohan Morgan was present at Hillcrest High School and requested that School Safety Agents hold his cell phone so he could avoid being late to class.

23. That certain unknown School Safety Agents did begin to push and shove Rohan Morgan from behind when he attempted to leave the building and that said School Safety Officers did commence to beat Rohan Morgan on the front steps of Hillcrest High School in the presence of other students.

24. That several Deans, other employees and students of Hillcrest High School were aware of and witnessed the beating.

25. That other School Safety Agents were present and failed to intervene in these events.

26. That those and other school safety officers did forcibly handcuff and kidnap Rohan Morgan into a locked office within the school building and that he was threatened and menaced and denied an opportunity to contact his parents despite repeated requests to do so.

27. That on July 24, 2008, in an attempt to cover the illegal, malicious and shocking behavior of the School Safety Agents, Rohan Morgan was transported to an ambulance in handcuffs and removed to the psychiatric ward of North Shore Long Island Jewish Hospital where he was treated for his physical injuries as a result of the beating, and was released to the custody of his mother, Trudy Ann Morgan.

28. That on December 2, 2008, in retaliation for filing Notices of Claim with respect to the incidents which occurred on May 20, 2008 and July 24, 2008, and immediately after reporting those incidents to the media, Rohan Morgan was dragged into a stairwell at Hillcrest High School, choked and threatened.

29. That Defendant Finkelstein, several Deans, other employees and students of Hillcrest High School were aware of and witnessed the beating.

30. That other School Safety Agents were present and failed to intervene in these events. That Defendant Finkelstein was present and failed to intervene in these events.

31. As a result of these beatings, Rohan Morgan, then a 15 year old boy, suffered injury to his Right knee, including sprain of the Anterior Cruciate Ligament for which he has undergone and continues to undergo treatment. He also suffered injury to his Left knee including a tear of the Anterior Cruciate Ligament with severe edema and a defect in the mid section for which he had surgery to repair and for which he has undergone and continues to undergo treatment. He also has severe scarring to his fingers and Left knee surgical scarring. Additionally, he suffers from severe emotional distress over the incident. He was forced to switch schools as a result of these incidents and is now behind in his credits and will likely graduate late. These factors have also

contributed to his emotional distress. Rohan Morgan has been forced to endure pain and suffering, emotional distress, humiliation, and injury to reputation as a direct result of the actions taken by and on behalf of the named Defendant and without interference from the named Defendants.

32. Notices of Claim have been filed for each incident and the appropriate procedures for each incident have been complied with. Specifically, a 50-H hearing has been held with respect to all 3 incidents.

## AS AND FOR A FIRST CAUSE OF ACTION

33. Plaintiff repeats and reiterates the allegations set forth paragraph's "1" through "32" inclusive of this complaint with the same force and effect as though fully set forth hereat.

34. That the City of New York and the New York City Police Department and SCHOOL SAFETY AGENTS "JOHN DOE" and "JANE DOE" Numbers 1 through 10 said names being fictitious and representing the school safety officers involved in incidents on May 20, 2008, and/or July 24, 2008 and/or December 2, 2008, did violate the Fourth Amendment Civil Rights of Rohan Morgan.

35. That on May 20, 2008, the City of New York, the New York City Police Department and SCHOOL SAFETY AGENTS "JOHN DOE" and "JANE DOE" Numbers 1 through 10 said names being fictitious and representing the school safety officers involved in incidents on May 20, 2008, and/or July 24, 2008 and/or December 2, 2008, did violate Rohan Morgan's Fourth Amendment rights by causing him to be Falsely arrested, Falsely imprisoned, illegally detained, searched without a warrant and apprehended with unreasonable and excessive force.

36. That the City of New York, the New York City Police Department and SCHOOL SAFETY AGENTS "JOHN DOE" and "JANE DOE" Numbers 1 through 10 said names being fictitious and representing the school safety officers involved in incidents on May 20, 2008, and/or July 24, 2008 and/or December 2, 2008, failed to intervene.

37. That on July 24, 2008, the City of New York, the New York City Police Department and SCHOOL SAFETY AGENTS "JOHN DOE" and "JANE DOE" Numbers 1 through 10 said names being fictitious and representing the school safety officers involved in incidents on May 20, 2008, and/or July 24, 2008 and/or December 2, 2008, did violate Rohan Morgan's Fourth Amendment rights by causing him to be Falsely arrested, Falsely imprisoned, illegally detained, searched without a warrant and apprehended with unreasonable and excessive force.

38. That the City of New York, the New York City Police Department and SCHOOL SAFETY AGENTS "JOHN DOE" and "JANE DOE" Numbers 1 through 10 said names being fictitious and representing the school safety officers involved in incidents on May 20, 2008, and/or July 24, 2008 and/or December 2, 2008, failed to intervene.

39. That on December 2, 2008, the City of New York, the New York City Police Department and SCHOOL SAFETY AGENTS "JOHN DOE" and "JANE DOE" Numbers 1 through 10 said names being fictitious and representing the school safety officers involved in incidents on May 20, 2008, and/or July 24, 2008 and/or December 2, 2008, did violate Rohan Morgan's Fourth Amendment rights by causing him to be Falsely arrested, Falsely imprisoned, illegally detained, searched without a warrant and apprehended with unreasonable and excessive force.

40. That the City of New York, the New York City Police Department and SCHOOL SAFETY AGENTS "JOHN DOE" and "JANE DOE" Numbers 1 through 10 said names being fictitious and representing the school safety officers involved in incidents on May 20, 2008, and/or July 24, 2008 and/or December 2, 2008 failed to intervene.

41. Defendants, acting under color of state law, have caused Plaintiffs to be deprived of their rights, privileges and immunities as secured by the Constitution, and other federal laws: namely, the Fourth Amendment to the Constitution of the United States; and 42 U.S.C. Section 1983.

42. Defendants, are and were aware, that their actions against Plaintiff were a violation of the rights granted to Plaintiff pursuant to the Fourth Amendment to the Constitution of the United States and 42 U.S.C. Section 1983.

43. On May 20, 2008, SCHOOL SAFETY AGENTS "JOHN DOE" and "JANE DOE" Numbers 1 through 10 said names being fictitious and representing the school safety officers involved in incidents on May 20, 2008, and/or July 24, 2008 and/or December 2, 2008, acted with evil motive and intent and/or with callous indifference toward the Civil Rights of Rohan Morgan.

44. On July 24, 2008, SCHOOL SAFETY AGENTS "JOHN DOE" and "JANE DOE" Numbers 1 through 10 said names being fictitious and representing the school safety officers involved in incidents on May 20, 2008, and/or July 24, 2008 and/or December 2, 2008, acted with evil motive and intent and/or with callous indifference toward the Civil Rights of Rohan Morgan.

45. On December 2, 2008, SCHOOL SAFETY AGENTS "JOHN DOE" and "JANE DOE" Numbers 1 through 10 said names being fictitious and representing the school safety

officers involved in incidents on May 20, 2008, and/or July 24, 2008 and/or December 2, 2008, acted with evil motive and intent and/or with callous indifference toward the Civil Rights of Rohan Morgan.

46.  As a result of the acts of each defendant complained of, Rohan Morgan sustained pain and suffering, emotional distress, medical expenses, other expenses, loss of income, loss of enjoyment of life and other pecuniary loss.

## AS AND FOR A SECOND CAUSE OF ACTION

47.  Plaintiff repeats and reiterates the allegations set forth paragraph's "1" through "32" inclusive of this complaint with the same force and effect as though fully set forth hereat.

48.  That the City of New York and the New York City Police Department and SCHOOL SAFETY AGENTS "JOHN DOE" and "JANE DOE" Numbers 1 through 10 said names being fictitious and representing the school safety officers involved in incidents on May 20, 2008, and/or July 24, 2008 and/or December 2, 2008, did violate the Fourteenth Amendment Civil Rights of Rohan Morgan.

49.  That on May 20, 2008, the City of New York, the New York City Police Department and SCHOOL SAFETY AGENTS "JOHN DOE" and "JANE DOE" Numbers 1 through 10 said names being fictitious and representing the school safety officers involved in incidents on May 20, 2008, and/or July 24, 2008 and/or December 2, 2008, did violate Rohan Morgan's Fourteenth Amendment rights by engaging in conduct that is shocking to the conscience and is offensive to the community's sense of fair play and decency.

50.  That on July 24, 2008, the City of New York, the New York City Police Department and SCHOOL SAFETY AGENTS "JOHN DOE" and "JANE DOE" Numbers 1

through 10 said names being fictitious and representing the school safety officers involved in incidents on May 20, 2008, and/or July 24, 2008 and/or December 2, 2008, did violate Rohan Morgan's Fourteenth Amendment rights by engaging in conduct that is shocking to the conscience and is offensive to the community's sense of fair play and decency.

51. That on December 2, 2008, the City of New York, the New York City Police Department and SCHOOL SAFETY AGENTS "JOHN DOE" and "JANE DOE" Numbers 1 through 10 said names being fictitious and representing the school safety officers involved in incidents on May 20, 2008, and/or July 24, 2008 and/or December 2, 2008, did violate Rohan Morgan's Fourteenth Amendment rights by engaging in conduct that is shocking to the conscience and is offensive to the community's sense of fair play and decency.

52. Defendants, acting under color of state law, have caused Plaintiff to be deprived of his rights, privileges and immunities as secured by the Constitution, and other federal laws: namely, the Fourth Amendment to the Constitution of the United States; and 42 U.S.C. Section 1983.

53. Defendants, are and were aware, that their actions against Plaintiff were a violation of the rights granted to Plaintiff pursuant to the Fourth Amendment to the Constitution of the United States and 42 U.S.C. Section 1983.

54. On May 20, 2008, SCHOOL SAFETY AGENTS "JOHN DOE" and "JANE DOE" Numbers 1 through 10 said names being fictitious and representing the school safety officers involved in incidents on May 20, 2008, and/or July 24, 2008 and/or December 2, 2008, acted with evil motive and intent and/or with callous indifference toward the Civil Rights of Rohan Morgan.

55. On July 24, 2008, SCHOOL SAFETY AGENTS "JOHN DOE" and "JANE DOE" Numbers 1 through 10 said names being fictitious and representing the school safety officers involved in incidents on May 20, 2008, and/or July 24, 2008 and/or December 2, 2008, acted with evil motive and intent and/or with callous indifference toward the Civil Rights of Rohan Morgan.

56. On December 2, 2008, SCHOOL SAFETY AGENTS "JOHN DOE" and "JANE DOE" Numbers 1 through 10 said names being fictitious and representing the school safety officers involved in incidents on May 20, 2008, and/or July 24, 2008 and/or December 2, 2008, acted with evil motive and intent and/or with callous indifference toward the Civil Rights of Rohan Morgan.

57. As a result of the acts of each defendant complained of, Rohan Morgan sustained pain and suffering, emotional distress, medical expenses, other expenses, loss of income, loss of enjoyment of life and other pecuniary loss.

## AS AND FOR A THIRD CAUSE OF ACTION

58. Plaintiff repeats and reiterates the allegations set forth paragraph's "1" through "32" inclusive of this complaint with the same force and effect as though fully set forth hereat.

59. That the City of New York and New York City Police Department have violated the Duty of Care owed to Rohan Morgan.

60. That the City of New York and New York City Police Department have violated the Standard of Care.

61. That through their Negligence the City of New York and New York City Police Department have caused the negligent infliction of emotional distress on Rohan Morgan.

62. That the City of New York and New York City Police Department have negligently hired, trained and retained employees of the New York City Police Department who have contributed to the injury suffered by Rohan Morgan.

63. That the City of New York and New York City Police Department have created policies which permit and/or encourage an impermissible delegation of matters of discipline to the School Safety Agents.

64. That the failures of the City of New York and New York City Police Department have resulted in the improper involvement of the School Safety Agents in ordinary matters of discipline which has resulted in an unreasonable escalation of the situations described which is a proximate cause of the physical injuries sustained by Rohan Morgan.

65. That the City of New York and New York City Police Department are responsible for the actions of its employees.

66. That the City of New York and New York City Police Department did not interfere in the abuse of Rohan Morgan by employees of Hillcrest High School or the New York City Police Department.

67. As a result of the acts of each defendant complained of, Plaintiff sustained pain and suffering, emotional distress, medical expenses, other expenses, loss of income, loss of enjoyment of life and other pecuniary loss.

## AS AND FOR A FOURTH CAUSE OF ACTION

68. Plaintiff repeats and reiterates the allegations set forth paragraph's "1" through "32" inclusive of this complaint with the same force and effect as though fully set forth hereat.

69. SCHOOL SAFETY AGENTS "JOHN DOE" and "JANE DOE" Numbers 1 through 10 said names being fictitious and representing the school safety officers involved in incidents on May 20, 2008, and/or July 24, 2008 and/or December 2, 2008, intentionally committed tortious activity against Rohan Morgan.

70. On May 20, 2008, SCHOOL SAFETY AGENTS "JOHN DOE" and "JANE DOE" Numbers 1 through 10 said names being fictitious and representing the school safety officers involved in incidents on May 20, 2008, and/or July 24, 2008 and/or December 2, 2008, committed assault and battery upon Rohan Morgan which caused him pain, suffering, emotional distress, humiliation, and caused him injury to his reputation.

71. On July 24, 2008, SCHOOL SAFETY AGENTS "JOHN DOE" and "JANE DOE" Numbers 1 through 10 said names being fictitious and representing the school safety officers involved in incidents on May 20, 2008, and/or July 24, 2008 and/or December 2, 2008, committed assault and battery upon Rohan Morgan which caused him pain, suffering, emotional distress, humiliation, and caused him injury to his reputation.

72. On December 2, 2008, SCHOOL SAFETY AGENTS "JOHN DOE" and "JANE DOE" Numbers 1 through 10 said names being fictitious and representing the school safety officers involved in incidents on May 20, 2008, and/or July 24, 2008 and/or December 2, 2008, committed assault and battery upon Rohan Morgan which caused him pain, suffering, emotional distress, humiliation, and caused him injury to his reputation.

73. As a result of the acts of each defendant complained of, Plaintiff sustained pain and suffering, emotional distress, medical expenses, other expenses, loss of income, loss of enjoyment of life and other pecuniary loss.

## AS AND FOR A FIFTH CAUSE OF ACTION

74. Plaintiff repeats and reiterates the allegations set forth paragraph's "1" through "32" inclusive of this complaint with the same force and effect as though fully set forth hereat.

75. SCHOOL SAFETY AGENTS "JOHN DOE" and "JANE DOE" Numbers 1 through 10 said names being fictitious and representing the school safety officers involved in incidents on May 20, 2008, and/or July 24, 2008 and/or December 2, 2008, have violated the Duty of Care owed to Rohan Morgan.

76. SCHOOL SAFETY AGENTS "JOHN DOE" and "JANE DOE" Numbers 1 through 10 said names being fictitious and representing the school safety officers involved in incidents on May 20, 2008, and/or July 24, 2008 and/or December 2, 2008, have violated the Standard of Care.

77. That through their Negligence the SCHOOL SAFETY AGENTS "JOHN DOE" and "JANE DOE" Numbers 1 through 10 said names being fictitious and representing the school safety officers involved in incidents on May 20, 2008, and/or July 24, 2008 and/or December 2, 2008, have caused the Negligent infliction of emotional distress on Rohan Morgan.

78. That SCHOOL SAFETY AGENTS "JOHN DOE" and "JANE DOE" Numbers 1 through 10 said names being fictitious and representing the school safety officers involved in incidents on May 20, 2008, and/or July 24, 2008 and/or December 2, 2008, did not interfere in the abuse of Rohan Morgan by employees of Hillcrest High School or the New York City Police Department.

79. As a result of the acts of each defendant complained of, Plaintiff sustained pain and suffering, emotional distress, medical expenses, other expenses, loss of income, loss of enjoyment of life and other pecuniary loss.

## AS AND FOR A SIXTH CAUSE OF ACTION

80. Plaintiff repeats and reiterates the allegations set forth paragraph's "1" through "32" inclusive of this complaint with the same force and effect as though fully set forth hereat.

81. That the Chancellor, Board of Education, Hillcrest High School, Defendant DUCH and Defendant Finkelstein have violated the Duty of Care owed to Rohan Morgan.

82. That the Chancellor, Board of Education, Hillcrest High School, Defendant DUCH and Defendant Finkelstein have violated the Standard of Care.

83. That through their Negligence the Chancellor, Board of Education, Hillcrest High School, Defendant DUCH and Defendant Finkelstein have caused the negligent infliction of emotional distress on Rohan Morgan.

84. That the Chancellor, Board of Education, Defendant DUCH and Hillcrest High School, Defendant Finkelstein have negligently hired, trained and retained employees of Hillcrest High School who have contributed to the injury suffered by Rohan Morgan.

85. That the Chancellor, Board of Education, Hillcrest High School, Defendant DUCH and Defendant Finkelstein have created policies which permit and/or encourage an impermissible delegation of matters of discipline to the School Safety Agents.

86. That the failures of the Chancellor, Board of Education, Hillcrest High School, Defendant DUCH and Defendant Finkelstein have resulted in the improper involvement of the School Safety Agents in ordinary matters of discipline which has resulted in an unreasonable escalation of the situations described which is a proximate cause of the physical injuries sustained by Rohan Morgan.

87. That the Chancellor, Board of Education, Hillcrest High School, Defendant DUCH and Defendant Finkelstein are responsible for the actions of its employees, namely, Defendant Finkelstein, the Deans of Hillcrest High School and other employees of Hillcrest High School.

88. That the Chancellor, Board of Education, Hillcrest High School, Defendant DUCH and Defendant Finkelstein did not interfere in the abuse of Rohan Morgan by employees of Hillcrest High School or the New York City Police Department.

89. As a result of the acts of each defendant complained of, Plaintiff sustained pain and suffering, emotional distress, medical expenses, other expenses, loss of income, loss of enjoyment of life and other pecuniary loss.

## AS AND FOR A SEVENTH CAUSE OF ACTION

90. Plaintiff repeats and reiterates the allegations set forth paragraph's "1" through "32" inclusive of this complaint with the same force and effect as though fully set forth hereat.

91. As a result of the abuse suffered by Rohan Morgan, Plaintiff TRUDY ANN MORGAN suffered a loss of services including the right to benefit from various duties performed by him.

92. As a result of the acts of each defendant complained of, Plaintiff sustained pain and suffering, emotional distress, medical expenses, other expenses, loss of income, loss of enjoyment of life and other pecuniary loss.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment as follows:

a. First Cause of Action: in excess of $1,000,000.00, in damages, compensatory damages, punitive damages, costs, interest and attorney's fees;

b. Second Cause of Action: in excess of $1,000,000.00, in damages, compensatory damages, punitive damages, costs, interest and attorney's fees;

c. Third Cause of Action: in excess of $1,000,000.00, in damages, compensatory damages, punitive damages, costs, interest and attorney's fees;

d. Fourth Cause of Action: in excess of $1,000,000.00, in damages, compensatory damages, punitive damages, costs, interest and attorney's fees;

e. Fifth Cause of Action: in excess of $1,000,000.00, in damages, compensatory damages, punitive damages, costs, interest and attorney's fees;

f. Sixth Cause of Action: in excess of $1,000,000.00, in damages, compensatory damages, punitive damages, costs, interest and attorney's fees;

g. Seventh Cause of Action: in excess of $1,000,000.00, in damages, compensatory damages, punitive damages, costs, interest and attorney's fees;

h. Attorney's fees and costs pursuant to 42 U.S.C.A. Section 1988;

i. A Declaratory Judgment that defendants willfully violated Plaintiff's rights secured by federal, state and city law as alleged herein;

j. Injunctive relief; an injunction requiring Defendants to correct all present and past violations of federal and state law as alleged herein; to enjoin Defendants from continuing to act in violation of federal and state law as alleged herein; and to order

such other injunctive relief as may be appropriate to prevent any future violations of said federal and state laws;

    k.    An order granting such other legal and equitable relief as this court deems just and proper.

## PLAINTIFF DEMANDS A TRIAL BY JURY

*/s/ Veronica Renta Irwin*
Attorneys for Plaintiff
IRWIN & STREINER, LLC
VERONICA RENTA IRWIN (VR1956)
vrirwin@irwinstreiner.com
1180 Northern Blvd, Suite 203
Manhasset, NY 11030
516-801-4990
516-801-4988 (Fax)

Dated:    August 20, 2009
            Manhasset, New York