UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X

Rohan Morgan (infant) by his mother and natural
Guardian, TRUDY ANN MORGAN, AND TRUDY
ANN MORGAN,

                                         Plaintiff,

-against-

THE CITY OF NEW YORK, THE NEW YORK CITY
POLICE DEPARTMENT, JOEL I. KLEIN (NEW
YORK CITY SCHOOLS CHANCELLOR), NEW
YORK CITY BOARD OF EDUCATION, HILLCREST
HIGH SCHOOL, STEPHEN DUCH (HILLCREST
HIGH SCHOOL PRINCIPAL), ELLIOT
FINKELSTEIN (HILLCREST HIGH SCHOOL VICE-
PRINCIPAL), SCHOOL SAFETY AGENTS TAIIS
CRUMP, SIMON NOEL DONNA, DAVID
HARRISON, KRYSTLE GIST, CLAUDIA LEWIS,
KEVIN MAYES, JANICE MCCAULEY, GREGORY
RICHARDSON, QUINTON STEVENS, DARRICK
GIBBS AND DOREEN SPENCER, in their official and
individual capacities.

                                         Defendants.
------------------------------------------------------------------- X

**STIPULATION OF SETTLEMENT AND ORDER OF DISMISSAL**

CV 09 3619 (ENV)(MDG)

        **WHEREAS,** plaintiffs Rohan Morgan and Trudy Ann Morgan commenced this action by filing a complaint on or about August 20, 2009, alleging violations of their federal civil and state common law rights; and

        **WHEREAS,** defendants City of New York, New York City Police Department, Joel I. Klein, New York City Board of Education, Hillcrest High School, Stephen Duch, Elliot Finkelstein, Taiis Crump, Simon Noel Donna, David Harrison, Krystle Gist, Claudia Lewis,

Kevin Mayes, Janice McCauley, Gregory Richardson, Quintin Stevens, Darrick Gibbs and Doreen Spencer, have denied any and all liability arising out of plaintiffs' allegations; and

**WHEREAS**, plaintiff Trudy Ann Morgan withdrew her claims against defendants City of New York, New York City Police Department, Joel I. Klein, New York City Board of Education, Hillcrest High School, Stephen Duch, Elliot Finkelstein, Taiis Crump, Simon Noel Donna, David Harrison, Krystle Gist, Claudia Lewis, Kevin Mayes, Janice McCauley, Gregory Richardson, Quintin Stevens, Darrick Gibbs and Doreen Spencer, with prejudice on November 22, 2011; and

**WHEREAS**, the parties now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability; and

**WHEREAS**, the remaining plaintiff Rohan Morgan has authorized his counsel to settle this matter on the terms set forth below;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, as follows:

1. The above-referenced action is hereby dismissed against defendants City of New York, New York City Police Department, Joel I. Klein, New York City Board of Education, Hillcrest High School, Stephen Duch, Elliot Finkelstein, Taiis Crump, Simon Noel Donna, David Harrison, Krystle Gist, Claudia Lewis, Kevin Mayes, Janice McCauley, Gregory Richardson, Quintin Stevens, Darrick Gibbs and Doreen Spencer, with prejudice, and without costs, expenses, or attorney's fees in excess of the amount specified in paragraph "2" below.

2. The City of New York hereby agrees to pay plaintiff Rohan Morgan the sum of **TWO HUNDRED AND EIGHTY FIVE THOUSAND DOLLARS ($285,000.00)**, in full satisfaction of all claims, including claims for costs, expenses and attorneys' fees. In consideration for the payment of this sum, plaintiff Rohan Morgan agrees to dismissal of all the

2

claims against defendants City of New York, New York City Police Department, Joel I. Klein, New York City Board of Education, Hillcrest High School, Stephen Duch, Elliot Finkelstein, Taiis Crump, Simon Noel Donna, David Harrison, Krystle Gist, Claudia Lewis, Kevin Mayes, Janice McCauley, Gregory Richardson, Quintin Stevens, Darrick Gibbs and Doreen Spencer, and to release the defendants and any present or former employees and agents of the City of New York or any entity represented by the Office of the Corporation Counsel, from any and all liability, claims, or rights of action alleging a violation of plaintiff Rohan Morgan's civil rights, from the beginning of the world to the date of the General Release, including claims for costs, expenses, and attorneys' fees.

    3.    Plaintiff shall execute and deliver to defendants' attorney all documents necessary to effect this settlement, including, without limitation, a General Release based on the terms of paragraph "2" above and an Affidavit of Status of Liens. If Medicare has provided payment and/or benefits for any injury or condition that is the subject of this lawsuit, prior to tendering the requisite documents to effect this settlement, Plaintiff shall have notified Medicare and shall submit with the settlement documents a Medicare final demand letter for conditional payments. A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. §1395y(b) and 42 C.F.R. §§411.22 through 411.26.

    4.    Nothing contained herein shall be deemed to be an admission by the defendants that they have in any manner or way violated plaintiff Rohan Morgan's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules, regulations or bylaws of any department or subdivision of the City of New York. This

stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

5. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

6. Plaintiff agrees to hold harmless the City of New York regarding any liens or past and/or future Medicare payments, presently known or unknown in connection with this matter. If conditional and/or future anticipated Medicare payments have not been satisfied, defendant City reserves the right to issue a multiparty settlement check, naming Medicare as a payee or to issue a check to Medicare directly based upon Medicare's final demand letter.

7. This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated: New York, New York
_____, 2011

Veronica Renta Irwin, Esq.
*Attorney for Plaintiff*
1180 Northern Boulevard, Suite 203
Manhasset, New York 11030

MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York
*Attorney for Defendant City of New York, New York City Police Department, Joel I. Klein, New York City Board of Education, Hillcrest High School, Stephen Duch, Elliot Finkelstein, Taiis Crump, Simon Noel Donna, David Harrison, Krystle Gist, Claudia Lewis, Kevin Mayes, Janice McCauley, Gregory Richardson, Quintin Stevens, Darrick Gibbs and Doreen Spencer*
100 Church Street, Rm. 3-203b
New York, New York 10007
(212) 341-0797

By: /s/ Veronica Renta Irwin
Veronica Renta Irwin, Esq.

By: /s/ Brian J. Farrar
Brian J. Farrar
Assistant Corporation Counsel

The Clerk is directed to close this case. SO ORDERED:

s/ ENV

Dated: Brooklyn, New York
JAN 1 1 2012

HON. ERIC N. VITALIANO
UNITED STATES DISTRICT JUDGE

5